¶ 33. I agree with the majority that Sheffield's claim of ineffective assistance of counsel is waived under these facts. However, I write separately to express my strong disagreement with the majority's holding expressed in paragraph 18, that the Jolly home was a dwelling within the purview of Mississippi Code Annotated Section 97-17-23, which makes burglary of a dwelling a crime.
 ¶ 34. Under this State's burglary statute a dwelling is (1) a structure presently inhabited, or (2) a structure from which the regular inhabitants have temporarily absented themselves, with the intent to return. Carr v. State, 770 So.2d 1025 (¶ 12) (Miss.Ct.App. 2000); Pool v. State, 764 So.2d 440 (¶¶ 13, 15) (Miss. 2000).
 ¶ 35. In this case the record reflects that the structure had been uninhabited and vacant for at least three years. There was no proof that the absence was temporary, or that the owner intended to return. Nor may it be inferred that the absence was a temporary one, and the owner intended to return. Indeed, the inference to be derived from the evidence was just the opposite, that being that the owner's absence was intended to be permanent.
 ¶ 36. The evidence was (1) that Mrs. Jolly, a widow, had been moved out of the home and into a nursing home because of age and ill health; (2) that, save for a few miscellaneous items, all of her property *Page 257 
had been moved out of the house; and (3) that the house had been listed with a realty company for sell, and a sign advertising this fact had been placed in the yard.
 ¶ 37. Given this state of the record, I am at a loss to understand the majority's holding that the house in this case was a dwelling.
 ¶ 38. Once the present owner vacated the house, with no indicated intention to return, it lost its character as a dwelling for purposes of the burglary statute. That characterization as a dwelling would not return until such time as the structure was again occupied.
SOUTHWICK, P.J., THOMAS, LEE AND IRVING, JJ., JOIN THIS OPINION.